IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

JEFF GERMANY,                          )
                                       )
            Petitioner,                )
                                       )
v                                      )       Civil Action No. 2:08cv595-WHA
                                       )                    (WO)
J.A. KELLER,                           )
                                       )
            Respondent.                )

**O R D E R**

Respondent has filed an answer (Doc. No. 13) addressing the claims presented in the instant 28 U.S.C. § 2241 habeas corpus petition.  In this answer, Respondent contends that the petition for habeas corpus relief is due to be denied because Petitioner is entitled to no relief on the claims presented therein.  Specifically, Respondent argues (a) that Petitioner has not exhausted his administrative remedies regarding the issues raised in his petition, as Petitioner's appeal to the Regional Director is currently pending; (b) that the appellate court decisions relied upon by Petitioner as a basis for relief are not controlling in Eleventh Circuit; (c) that the BOP's authority to promulgate and administer regulations regarding early release criteria under RDAP are entirely discretionary; and (d) that Petitioner has failed to set forth facts demonstrating any violation of his equal protection rights.

Upon review of the petition, Respondent's answer, and the supporting evidentiary material filed in this case, it appears that Petitioner has not yet exhausted his available

administrative remedies with respect to the claims presented in his petition for habeas corpus

relief.  A federal prisoner who requests habeas corpus relief under 28 U.S.C. § 2241 must

first exhaust his administrative remedies before seeking relief from this court.  *Gonzalez v.*

*United States*, 959 F.2d 211 (11th Cir. 1992).  This court does not deem it appropriate to rule

on the merits of Petitioner's claims without first requiring that he exhaust his administrative

remedies.

Accordingly, it is

**ORDERED that on or before October 6, 2008,** Petitioner shall file a reply to

Respondent's answer.  In his reply, Petitioner **shall specifically show cause why his petition**

**should not be dismissed for his failure to exhaust his administrative remedies** and for

the other reasons stated by Respondent.  Any documents or evidence filed after October 6,

2008, will not be considered by the court except in exceptional circumstances.  At any time

after the deadline for filing a reply expires, the court will determine whether an evidentiary

hearing is necessary.  If it appears that an evidentiary hearing is not required, the court will

dispose of  the petition as justice requires.  *Cf.* Rule 8(a), *Rules Governing Section 2254*

*Cases in the United States District Courts.*

Petitioner is instructed that when replying to Respondent's answer, he may file sworn

affidavits or other documents in support of his claims.  Affidavits should set forth specific

facts which demonstrate that Petitioner is entitled to relief on the grounds presented in the

habeas corpus petition.  If documents that have not previously been filed with the court are

referred to in the affidavits, sworn or certified copies of those papers must be attached to the affidavits or served with them.  When Petitioner attacks Respondent's answer by use of affidavits or other documents, the court will, at the appropriate time, consider whether to expand the record to include such materials.  *Cf.* Rule 7, *Rules Governing Section 2254 Cases in the United States District Courts*.

Done this 19th day of September, 2008.

/s/Charles S. Coody
CHARLES S. COODY
UNITED STATES MAGISTRATE JUDGE